United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 25, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-30748
Summary Calendar

KENNETH ARCEMENT, MARLENE ARCEMENT, DAVID BEALER,
ROSEANN BEALER, STACY BEALER, ET AL,

Plaintiffs-Appellants,

versus

AARON BROUSSARD, JEFFERSON PARISH,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
(USDC No. 2:06-cv-1640)
---------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:*

Plaintiffs appeal the dismissal of their complaint for lack of subject matter jurisdiction. Plaintiff's counsel filed eleven amended complaints, naming numerous defendants and invoking obscure federal statutes. Finding that the only common nucleus of these claims is that they arise from Hurricane Katrina, the district court severed the claims against Broussard and Jefferson Parish. The original case, *O'Dwyer v. United States*, was left behind.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court then ordered plaintiffs to file a single amended complaint, detailing the allegations against Broussard and Jefferson Parish and reducing the named plaintiffs to those who belong in the putative class.  The plaintiffs filed the amended complaint, which asserted only state-law claims of negligence, and which incorporated by reference legal arguments being asserted in *O'Dwyer*, presumably as a jurisdictional hook for supplemental jurisdiction.

The district court ruled that "[t]hese legal arguments make reference to numerous federal statutes, some or all of which have not obvious relation to the cause of actions set forth herein." "More importantly," the district court continued, "counsel has specifically disregarded this Court's order by incorporating these legal arguments and did not set forth in specific paragraph the jurisdiction basis for federal jurisdiction against these state defendants and the factual basis upon which any factual statute relates to the acts or omissions of these defendants."

Upon review of the amended complaint, as well as plaintiff's stridently worded brief, we too are at a loss to discern any basis for federal jurisdiction.  The judgment of the district court is

AFFIRMED.